**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Howard RIPPEE, George Rippee and Oliver Rippee d/b/a Pacific Multiforms Company, Respondents.**

**No. 19452.**

United States Court of Appeals Ninth Circuit.

Dec. 15, 1964.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Coun-

sel, Stephen B. Goldberg, Attorney, N.L.R.B., Washington, D. C., for petitioner.

Howard Rippee, Seattle, Wash., for respondents.

Before ORR, HAMLEY and KOELSCH, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board for an order of this Court directing Howard Rippee, George Rippee and Oliver Rippee, doing business as Pacific Multiforms Company, to bargain with a certain Local, as collective bargaining representative of respondents' employees, and to post the usual notices.

In this proceeding the respondents do not contest the decision of the Board, finding them guilty of an unfair labor practice, nor attack the validity of the Board's order; instead, they oppose the granting of the requested relief on the sole ground that they have duly given the required notice and stand ready, able and willing to bargain with the Union at any time upon the latter's request.

However, such an objection has been foreclosed by the Supreme Court in National Labor Relations Board v. Mexia Textile Mills, 339 U.S. 563, 70 S.Ct. 833, 94 L.Ed. 1067 (1950). There the court said:

"* * * the employer's compliance with an order of the Board does not render the cause moot, depriving the Board of its opportunity to secure enforcement from an appropriate court. * * * A Board order imposes a continuing obligation; and the Board is entitled to have the resumption of the unfair practice barred by an enforcement decree. As the Court of Appeals for the Second Circuit remarked, 'no more is involved than whether what the law already condemned, the court shall forbid; and the fact that its judgment adds to existing sanctions that of punishment for contempt, is not a circumstance to which a court will ordinarily lend a friendly ear.' * * The Act does not require the Board

to play hide-and-seek with those guilty of unfair labor practices." (pp. 567–568, 70 S.Ct. p. 828–829.)

Decree will be entered enforcing the Board's order as prayed.